John Tehranian (SBN 211616)
Email: jtehranian@onellp.com
Joanna Ardalan (SBN 285384)
Email: jardalan@@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:   (310) 437-8665
Facsimile:   (310) 943-2085

Attorney for Plaintiffs,
BURATTINO FRANCHISE, LLC and
BURATTINO, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURATTINO FRANCHISE, LLC, a California limited liability company; and BURATTINO, LLC, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> THE DIRTY PEPPERONI LLC, a California limited liability company; LEV KIM, an individual; TOD SOMERVILLE, an individual; MICHAEL URIARTE, an individual; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR:** <br> **(1)  FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION (15 U.S.C. § 1125(a));** <br> **(2)  UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200 ET SEQ.);** <br> **(3)  COMMON LAW UNFAIR COMPETITION;** <br> **(4)  BREACH OF OPERATING AGREEMENT; AND** <br> **(5)  BREACH OF SHARE PURCHASE AGREEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiffs Burattino Franchise, LLC and Burattino, LLC ("Plaintiffs" or "Burattino"), by and through their attorneys of record, complain against Defendants The Dirty Pepperoni LLC, Lev Kim, Tod Somerville, Michael Uriarte, and Does 1 through 10, inclusive (collectively, "Defendants"), as follows:

## JURISDICTION AND VENUE

1.    This is a civil action against Defendants for false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1051 et seq., unfair competition under Cal. Bus. & Prof. Code § 17200 et seq., common law unfair competition, and breach of contract.

2.    This court has subject matter jurisdiction under the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1331, 28 U.S.C. §§ 1338(a)-(b), and supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) and 28 U.S.C. § 1400(a), in that the claims arise in this judicial district and the injury suffered by Plaintiffs took place in this judicial district. Defendants are subject to the general and specific personal jurisdiction of this Court because they reside in this district.

## PARTIES

4.    Plaintiff Burattino Franchise, LLC is a limited liability company existing under the laws of California, with its principal place of business in Rancho Palos Verdes, California.

5.    Plaintiff Burattino, LLC is a limited liability company existing under the laws of California, with its principal place of business in Rancho Palos Verdes, California.

6.    On information and belief, Defendant The Dirty Pepperoni LLC ("The Dirty Pepperoni") is a limited liability company existing under the laws of California, with its principal place of business in Long Beach, California.

7.      On information and belief, Defendant Lev Kim ("Kim") is an individual who resides in Los Angeles, California and is a Member of The Dirty Pepperoni.

8.      On information and belief, Tod Somerville ("Somerville") is an individual who resides in Trabuco Canyon, California and is a Member of The Dirty Pepperoni.

9.      On information and belief, Michael Uriarte ("Uriarte") is an individual who resides in Long Beach, California and is a Member of The Dirty Pepperoni.

10.     Does 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names. Plaintiffs will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiffs are informed and believe and, upon such, allege that each of the Defendants designated here as a "Doe" is legally responsible in some manner for the events and happenings herein alleged and that Plaintiffs' damages as alleged herein were proximately caused by such Defendants.

## FACTS COMMON TO ALL COUNTS

### Plaintiffs Burattino and Their Renowned Pizza

11.     In October of 2015, Donna Kasseinova ("Kasseinova") acquired Burattino, then a struggling pizzeria called Pavich's Pizzafe, where Kim had been working as a pizza maker. Upon acquisition, Kasseinova elevated Mr. Kim to the position of manager and granted him an ownership share in the business, but, unfortunately, during the first couple of years under new ownership and management, the restaurant continued to struggle.  Then, in 2018, she brought Emil Chiaberi into an active role in the business.  Chiaberi began to develop distinctive and unexpected signature menu items and started to actively promote the restaurant on social media. Business exploded, attracting legions of regular customers and fans from across the world and generating substantial social media traffic. The success of Chiaberi's distinctive dishes and online presence resulted in a significant revenue

**COMPLAINT**

jump, as he took the original Burattino pizzeria from $200,000 in annual sales in 2015 to $1.8 million annual sales in 2021. Burattino's digital presence now reaches over 200 million views per month and is within the top .01% of all restaurant Instagram accounts with respect to views. Burattino has become a household name in gourmet pizza around Southern California and well beyond.

12.    Due to the success of the original Burattino pizzeria and the widespread popularity of the brand, in 2023, Burattino's affiliate, Burattino Franchise, LLC, began operating a franchising business of Burattino's pizzerias. As now one of the top-grossing pizzerias in the industry, Burattino's success of its fully-owned restaurants in San Pedro and Carson has inspired authorized franchises in California (Huntington Beach and Whittier), other states (Texas and Utah) and abroad (Canada).

13.    Burattino has become synonymous with delicious, gourmet pizza. Among its signature dishes, Burattino serves the "Dirty Pepperoni," which features pepperoni and black olives on Burattino's famous Black Garlic Sauce.  Burattino has been using the name Dirty Pepperoni for this signature dish since at least 2018 as it tested and prepared for a full launch of the brand. Burattino eventually filed an intent-to-use application with the United States Patent and Trademark Office. As the long-time General Manager of Burattino and a part-owner of the company, Kim knew of the Dirty Pepperoni name, Burattino's pre-launch and launch plans and its efforts and further objectives to commercially exploit the trademark.  As more fully explained below, on or about October 12, 2023, Kim was fired from Burattino and his ownership rights in the company were terminated per a prior agreement.

14.    On or about July 10, 2025, Burattino filed an intent-to-use application with respect to the mark 'DIRTY PEPPERONI' in connection with pizza and pizza parlors. The intent-to-use serial number is 99277861 and establishes priority to the mark as of, at least, July 10, 2025.  There is no doubt Burattino used the trademark 'DIRTY PEPPERONI' in actual commerce at least as early as October 14, 2025 (if

4

**COMPLAINT**

not earlier), when Burattino updated its online menu with the DIRTY PEPPERONI trademark (the "Mark") with respect to its famous black garlic, black olive and pepperoni pizza to sell said pizza and its other pizza related products and services in interstate commerce, thereby acquiring common law rights by using the Mark, which is inherently distinctive and/or has acquired distinctiveness, to designate the source/origin of Burattino's products and services and to distinguish its products and services from those of its competitors. Since at least October 14, 2025, the online menu featuring the Dirty Pepperoni pizza has been used extensively by consumers who order online for delivery and for pickup.  But its usage of the mark goes farther back, dating 2018. Prior to its use online, among other things, Burattino and others regularly referred to Burattino's distinctive black garlic, black olive, pepperoni pizza as Dirty Pepperoni. Burattino tested for a full launch of the brand and prepared plans for the same, including significant pre-sale activity that culminated in actual sales in commerce. And, the Dirty Pepperoni pizza has since been promoted on Burattino's social media accounts extensively prior to Defendants' first use.

15.    In addition to the DIRTY PEPPERONI signature pizza, Burattino has developed other signature dishes that have become synonymous with Burattino. For example, Burattino developed the White Clam Pizza, which uses chopped ocean clams, bacon, garlic, oregano, mozzarella and parmesan cheese, and a specially developed "White Garlic Sauce."  The White Garlic Sauce is extremely popular with the consuming public and proprietary. Burattino also developed an exclusive Pink Sauce with a distinctive pink color that was developed by Chiaberi four years ago.  And, Burattino developed a "PB&J Pizza," which is a dessert pizza featuring rows of peanut butter and strawberry jam. In addition, Burattino is well known for its famous red and green chorizo pizza which also features bacon, garlic, red onion, jalapenos, and mozzarella cheese. Each of these dishes are known as Burattino's signature dishes and their look and taste are immediately associated with Burattino

5
**COMPLAINT**

in the minds of customers. As such, the dishes—both individually and as a whole—constitute protected trade dress (hereinafter "Trade Dress"), enjoying inherent distinctiveness and having achieved secondary meaning such that, in the mind of the consuming public, said dishes and, among other things, their arrangement, presentation and distinctive combination of unexpected ingredients and colors, designate the source or origin of the pizza in the minds of the consuming public as coming from Burattino.

## Defendant Kim's Membership, Employment, and Subsequent Termination from Burattino

16.     Defendants are not strangers to Burattino, its business model, and its confidential information, business plans and methods, and proprietary recipes. Defendant Kim was a Member (a 49% owner) and an employee of Burattino, LLC. On or around September 29, 2023, he signed the Operating Agreement of Burattino, LLC ("Operating Agreement") memorializing his ownership and acquiescing to the terms therein.  As described in Paragraphs 25 and 30 herein, the Operating Agreement contained a confidentiality provision as well as a non-solicitation provision.

17.     During the course of his employment and ownership of Burattino, LLC, Defendant Kim served as the On-Site General Manager and was intimately aware of the factors that made Burattino successful. Among other things, he was well aware of the DIRTY PEPPERONI brand and the pizza associated with the trademark; he was aware of which pizzas and menu items attracted the most revenue and social media coverage; he was aware of how specific social media content resulted in traffic and sales; he was aware of how to make the secret "Pink Sauce" and the wildly popular Burattino's home-made "White Garlic Sauce;" and he was aware of the vendors that sourced Burattino with rare, unique, high quality ingredients, among many other business plans, methods and confidential information.

18.     On or around October 12, 2023, Defendant Kim was terminated from Burattino for cause, thereby triggering an automatic buy-out of his membership. Defendant Kim's acts of wrongdoing during the course of his employment and/or membership included, but are not limited to: (1) regularly siphoning cash out of Burattino's register, thereby fraudulently skimming between $2,000-$3,000 per week from the business; (2) using Burattino's credit cards improperly and in an unauthorized manner for personal items, amounting to over $10,000 of credit card fraud; and (3) failing to maintain regular full time hours and to dedicate his full time efforts to overseeing the restaurant operations and fraudulently pretending otherwise, causing him to be overpaid by approximately $115,000.  On the occasions when Defendant Kim was present as General Manager, he was glued to his phone and distracted employees from doing their work.  Worse yet, Defendant Kim lifted his shirt to expose his abdomen, repeatedly, to employees during work hours and instructed employees to follow his social media accounts, where he posted sexually explicit content, including sexually explicit content that involved himself. He terminated an exemplary employee for cause for wearing a sweatshirt without any actual or documented progressive discipline and without any further explanation. And, he exploited his position as a "boss" over a younger employee to borrow large sums of money—frequently several thousand dollars at a time, totaling $63,000—and then failed to pay that individual back.  In short, Defendant Kim embezzled money and property from his employer and co-members, fraudulently concealed his wrongdoing, and abused his managerial powers to belittle, humiliate, harass and exploit the employees working under his supervision, thereby forcing his termination and complete removal from the company.

19.     Unfortunately, Defendant Kim's pattern of misconduct did not cease with his termination from Burattino and this dispute arises from his subsequent unlawful scheme to usurp Plaintiffs' intellectual property and business wholesale by launching a directly competing enterprise that shamelessly and brazenly makes use

7

**COMPLAINT**

1  of not just the trademarks and trade dress of Burattino's but also directly

2  misappropriates its business model and other confidential information, which

3  Defendant Kim learned and acquired while at Burattino's.

4  **DEFENDANTS' UNLAWFUL ACTIVITIES**

5  **Defendants Wrongfully Exploited Burattino's 'DIRTY PEPPERONI'**

6  **Trademark and Caused Actual Confusion to Pizza Afficionados and the**

7  **Consuming Public**

8       20.    Just weeks ago, Defendant Kim, along with two business partners,

9  Defendant Somerville and Defendant Uriarte, launched a new pizzeria they named

10  Dirty Pepperoni. Defendant's Dirty Pepperoni not only offered the same services as

11  Burattino and a copycat menu, but engaged in multiple acts of unfair competition

12  that ultimately resulted in actual consumer confusion, lost sales, and an unfair trade

13  advantage to Defendants.

14       21.    Among other things, Defendants brazenly usurped Burattino's

15  trademark 'DIRTY PEPPERONI' wholesale by naming their pizzeria with the

16  identical name, Dirty Pepperoni.  This unlawful exploitation of Burattino's 'DIRTY

17  PEPPERONI' trademark has deceived and continues to deceive consumers and

18  cause actual confusion among pizza-eating consumers, who believe the source

19  and/or sponsorship of the Defendants' products are Burattino.

20       22.    Despite willfully and intentionally trading upon Burattino's trademark

21  DIRTY PEPERONI, and its goodwill, Defendants have doubled down on their

22  brazen efforts to unlawfully compete by applying to register their infringing use of

23  'DIRTY PEPPERONI' as a trademark with the United States Patent and Trademark

24  Office. Their application to register DIRTY PEPPERONI, serial number 99502497,

25  is currently pending. In it, Defendants represent that their "first use in commerce"

26  was October 29, 2025. They also represent that their "first use" was April 8, 2025.

27  The latter date does not confer priority because, among other things, the "first use"

28  was not a use in commerce and, at best, it only reflected Defendants' alleged

8

**COMPLAINT**

general preparation and planning for some kind of business. Of course, to the extent Defendants intend to use this date as conferring priority onto them, doing so will ignore that the Plaintiffs have extensive examples of preparation and planning to use the mark DIRTY PEPPERONI since 2018. Further, and more importantly, any alleged use at this time is insufficient to constitute use analogous to trademark use or to create any association in the minds of the purchasing public of the wording DIRTY PEPPERONI with any goods or services. While an examiner is not yet assigned to the application, it will not succeed in registration because it is identical to Burattino's prior filed intent-to-use application and because it is an infringement of Burattino's trademark.

23.    For example, when Defendants posted a promotional video of their dishes on the Dirty Pepperoni Instagram account, located at @dirtypepperoni_, users were confused as to whether the food was actually from Burattino.  One consumer asked "[] i'm so confused, is this Buratino? (*sic*.)"  Another consumer posted "Crunch, Baby, Crunch**?**! (emphasis added on '?')." 'CRUNCH BABY, CRUNCH' is a registered trademark with the United States Patent and Trademark Office that is owned by Burattino, LLC, and is synonymous with the Burattino brand.  Its registration number is 6,266,169, and it has been registered since February 9, 2021.

24.    Defendants Somerville and Uriarte authorized and participated in the decision to name Defendants' pizzeria Dirty Pepperoni, all while knowing that their partner, Kim, was a former member of Burattino, which owns the Mark rights and priority. Among other things, Uriarte has actively promoted and further infringed the DIRTY PEPPERONI trademark through his social media accounts and both Uriarte and Somerville appear in Dirty Pepperoni's infringing content on its social media accounts.  And, Defendant Uriarte and Kim even appear in Dirty Pepperoni social media content that intentionally copies the look and feel of Burattino's widely popular and engaging social media content, demonstrating that Defendants

were fully aware of Burattino's intellectual property and success and sought to use Burattino's assets to gain traffic and interest in Dirty Pepperoni.

**Defendants Wrongfully Used Burattino's Confidential Information to Inform Them of What Dishes Should Be on the Menu and Created a Copy-Cat Menu**

25.    Defendant Kim signed, executed, and agreed to Burattino's Operating Agreement, which contained, among other things, an express prohibition on the misappropriation of trade secrets as well as other processes, methods, technical information, and other business assets. Section 12.01 of the Operating Agreement provides:

> Each Member acknowledges that the vendor lists, trade secrets, processes, methods, and technical information of the Company and any other matters designated by Donna Kasseinova are valuable assets. Unless he or she obtains the written consent of Donna Kasseinova, each Member agrees never to disclose to any individual or organization, except in authorized connection with the business of the Company, or use in any manner detrimental to the Company, any vendor list, any trade secret, process, or other matter referred to in this Section while a Member of the Company, or at any later time.

Donna Kasseinova was the 51% member of Burattino, LLC at the time the Operating Agreement was signed. She is now its sole owner.

26.    Upon Mr. Kim's termination as an employee and member of Burattino, LLC, he signed, executed, and agreed to a Share Purchase Agreement. In that agreement, Ms. Kasseinova purchased Mr. Kim's interest in Burattino, LLC. Among other things, the Share Purchase Agreement provided an express prohibition on the disclosure of confidential information. Section 10(n) of the Share Purchase Agreement provides:

> Nondisclosure of Confidential Information. Except as may be required by law, you agree that you will not disclose any trade secrets or

10

**COMPLAINT**

confidential and proprietary information and materials regarding the Seller Released Parties' or the Company's business or operations to any third party without the their prior written consent. "Confidential Information" shall mean any information provided by the Company or Seller Released Parties in writing, or communicated orally, electronically, or in any other form, to you, including but not limited to patent(s) and patent applications, trade secrets, business plans, designs, copyrighted work, proprietary information, ideas, discoveries, techniques, sketches, drawings, works of authorship, models, inventions, creations, improvements, developments know-how, processes, apparatuses, equipment, systems, components, technologies, algorithms, formulae, software programs, software source documents, products and services, customer lists, suppliers, investors, employees, licensors, licensees, affiliates, partners, business forecasts, sales and merchandising, training methods and materials and marketing plans.

27.     On information and belief, Mr. Kim wrongfully disclosed and used "processes, methods, and technical information of the Company," information designated by Donna Kasseinova as valuable assets, and "confidential and proprietary information and materials" regarding Burattino's business and operations that he learned from his tenure at Burattino to solicit Mr. Somerville and Mr. Uriarte, and to form an unfairly competing pizzeria, "Dirty Pepperoni." On information and belief, Mr. Somerville and Mr. Uriarte were well aware that Mr. Kim was wrongfully using confidential information and unfairly competing with Burattino as they knew Kim while he was working at Burattino, understood the success of Burattino and the exposure to confidential business information that Mr. Kim gained while working there and were well aware that this know-how, applied to a directly competing business entity using an identical name to Burattino's Mark and a copycat menu usurping Buratinno's Trade Dress, would be unlawfully

drawing on the protected intellectual property and confidential business information of Burattino.

28.    Among other things, Defendant Kim disclosed and currently exploits, through Dirty Pepperoni, Burattino's proprietary and confidential recipes, such as the "Pink Sauce" and "White Garlic Sauce."  Defendant Kim has also used the proprietary information about which of Burattino's signature dishes sell well, and developed a copycat menu based on that confidential information. For example, Dirty Pepperoni sells a White Clam Pizza, complete with Burattino's signature White Garlic Sauce, a PB&J Pizza, Burattino's unique House Salad, and a red and green chorizo pizza that are identical to Burattino's signature dishes.  He also exploited Burattino's confidential vendor list by sourcing ingredients from the listed vendors.

29.    Additionally, after having gained access, while at Burattino's, to Burattino's development of the DIRTY PEPPERONI brand and concept, its use thereof, and its plans to use the brand as a mark in interstate commerce, Kim unlawfully attempted to beat Burattino to the marketplace by exploiting this information that he had learned for his benefit and the benefit of the other Defendants, in violation of Burattino's rights and Kim's obligations, contractual and otherwise.

30.    Defendants Somerville and Uriarte have actively authorized and participated in exploitation of the Mark, the Trade Dress and the proprietary and confidential information all while knowing that their partner, Kim, wrongfully usurped and disclosed the same for their benefit.  Somerville and Uriarte are actively involved in the operations of Dirty Pepperoni pizzeria and, on information and belief, are regularly present at the restaurant.

/ / /

/ / /

/ / /

**COMPLAINT**

**Defendants Solicited Burattino's Employees in**

**Violation of the Operating Agreement**

31.    Defendant Kim signed, executed, and agreed to Burattino's Operating Agreement, which contained Section 12.02, "Solicitation of Employees," that expressly prohibited the solicitation of employees for two years. Section 12.02 provides:

> Donna Kasseinova and Lev Kim agree not to solicit any employee or consultant of the Company while a Member of the Company and for a period of two (2) years following the termination of their membership interest in the Company.

32.    Despite executing the Operating Agreement, which prohibited Defendant Kim from soliciting employees for two years from his termination date, October 12, 2023, Kim solicited several Burattino employees for his Dirty Pepperoni business repeatedly prior to October 12, 2025.

33.    On information and belief, beginning in the summer of 2025, Defendant Kim solicited Burattino's ovenmaster and other employees who were working at Burattino and offered them employment at Dirty Pepperoni. At least three employees from Burattino left to join Dirty Pepperoni after being unlawfully solicited by Kim.

34.    On information and belief, Defendants Somerville and Uriarte authorized and participated in the solicitation of Burattino's employees.

**FIRST CAUSE OF ACTION**

**(False Designation of Origin/Unfair Competition, 15 U.S.C. § 1125(a))**

**(By Plaintiff Burattino Franchise LLC against All Defendants)**

35.    Plaintiff Burattino Franchise LLC incorporates by reference the allegations in paragraphs 1 through 34 above as though fully set forth herein.

36.    The 'DIRTY PEPPERONI' trademark and the Trade Dress are used in instate commerce by Plaintiffs and are inherently distinctive and/or have acquired

distinctiveness by virtue of becoming associated in the minds of consumers with Burattino and its respective dishes and services such that they identify and distinguish Burattino's goods and services from those of others.

37.    Burattino has priority or rights in the Mark and its Trade Dress over all other individuals or entities, including Defendants.

38.    Defendants have intentionally caused to enter into interstate commerce a pizzeria called Dirty Pepperoni and products that look substantially similar, if not identical, to Burattino's Trade Dress that are likely to cause confusion with Burattino's dishes and services and, in fact, have caused actual confusion with the consuming public.

39.    Defendants have made unauthorized use of the DIRTY PEPPERONI mark and the Trade Dress, or colorable imitations thereof (and/or have knowingly encouraged, induced, materially contributed to and/or facilitated the same and/or have financially benefited therefrom while possessing the right and ability to control the same) in a manner constituting false designation of origin, which is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Defendants with Burattino, or as to the origin, sponsorship, or approval by Burattino of Defendants' goods, services or commercial activities, in violation of 15 U.S.C. § 1125(a), thereby infringing Plaintiffs' Mark and Trade Dress directly, vicariously and/or contributorily.

40.    Defendants' use of the Mark and Trade Dress enables Defendants to benefit unfairly from Plaintiffs' reputation and success, thereby giving Defendants sales and commercial value they otherwise would not have.

41.    Prior to Defendants' first use of the infringing Mark and Trade Dress, Defendants were aware of Plaintiffs' business and had either actual notice and knowledge, or constructive notice, of Burattino's trademark application and unregistered common law rights related to the Mark and Trade Dress.

**COMPLAINT**

42.     As such, Defendants actions have been and continue to be intentional, willful and without regard to Plaintiffs' rights, with an intent to cause confusion, to cause mistake, and to deceive, and to cause injury to the reputation and goodwill associated with Burattino and Burattino's genuine dishes.

43.     Burattino is informed and believes, and based thereon alleges, that as a proximate result of Defendants' false designation of origin, Defendants stand to make substantial sales and profits in amounts to be established according to proof.

44.     Burattino will suffer and is suffering irreparable harm from Defendants' infringement of their Mark and Trade Dress and, among other things, Burattino's invaluable goodwill is being eroded by Defendants' continuing infringement.  Burattino has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers and goodwill flowing from the Defendant's infringing activities and, unless restrained by this Court, Defendants will continue to designate falsely the origin of their goods, causing irreparable damage to Plaintiff. Pecuniary compensation will not afford Burattino adequate relief for its resulting damages. Further, Plaintiff is informed and believes, and based thereon alleges, that in the absence of injunctive relief, customers are likely to continue being mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Defendants' goods and services. As such, Burattino is entitled to an injunction against Defendants' continuing infringement.

45.     Because Defendants' actions have been committed with intent to damage Burattino and to confuse and deceive the public, Burattino is entitled to treble its actual damages or Defendants' profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and (b).

/ / /

/ / /

15

**COMPLAINT**

## SECOND CAUSE OF ACTION

### (Unfair Competition, Cal. Bus. & Prof. Code § 17200 et seq.)

### (By All Plaintiffs against All Defendants)

46.    Plaintiffs incorporate by reference the allegations in paragraphs 1 through 45 above as though fully set forth herein.

47.    Defendants' conduct as alleged herein constitutes unfair and deceptive acts or practices in the course of a business, trade, or in commerce, in violation of Cal. Bus. & Prof. Code §§ 17200 and 17500 et seq.

48.    Plaintiff is informed and believes, and based thereon alleges, that, as a direct and proximate result of Defendants' wrongful conduct as described above, Defendants have gained property and revenues properly belonging to Burattino. Burattino therefore seeks restitution of these amounts.

49.    Since Burattino has no adequate remedy at law for Defendants' continuing violation of Burattino's rights, it also seeks injunctive relief restraining Defendants, their officers, agents, and employees, and all persons acting in concert with them from further engaging in acts of unfair competition and/or fraudulent business acts against Burattino and its intellectual property.

## THIRD CAUSE OF ACTION

### (Common Law Unfair Competition)

### (By All Plaintiffs Against All Defendants)

50.    Plaintiffs incorporate by reference the allegations in paragraphs 1 through 49 above as though fully set forth herein.

51.    Upon information and belief, Defendants will continue to infringe the 'DIRTY PEPPERONI' Mark and Burattino's Trade Dress.

52.    The acts of Defendants complained of herein constitute acts of unfair competition against Plaintiffs under the common law of the state of California, which acts have been committed knowingly and willfully and have injured Plaintiffs in their trade and business.

**COMPLAINT**

53.     By the acts and activities of Defendants complained of herein, Defendants have been unjustly enriched.

54.     As a direct and proximate result of the acts and activities of Defendants complained of herein, Plaintiffs have been damaged in an amount not yet ascertainable.

55.     Plaintiffs are informed and believe, and based thereon allege, that Defendants, in doing the things herein alleged, acted willfully, maliciously, and oppressively, with full knowledge of the adverse effect of their actions on Plaintiffs, and with willful and deliberate disregard for the consequences to Plaintiffs.

## **FOURTH CAUSE OF ACTION**

### **(Breach of Operating Agreement)**

### **(By Plaintiff Burattino, LLC Against Defendant Kim)**

56.     Plaintiff Burattino incorporates by reference the allegations in paragraphs 1 through 55 above as though fully set forth herein.

57.     Burattino, LLC and Defendant Kim entered into the Burattino, LLC Operating Agreement.

58.     Burattino, LLC performed all of its duties and obligations under the Operating Agreement.

59.     Defendant Kim breached the Operating Agreement by violating Section 12.01,  and Section 12.02  for all acts described in Paragraphs  25 to 33 herein.

60.     As a direct and proximate result of Kim's breach of contract, Burattino has suffered actual and consequential damages. Burattino has been damaged in an amount not yet ascertainable.

/ / /

/ / /

/ / /

/ / /

**COMPLAINT**

## **FIFTH CAUSE OF ACTION**

### **(Breach of Share Purchase Agreement)**

### **(By All Plaintiffs Against Defendant Kim)**

61.    Plaintiff Burattino, LLC and Burattino Franchise LLC incorporate by reference the allegations in paragraphs 1 through 60 above as though fully set forth herein.

62.    Donna Kasseinova and Defendant Kim entered into the Share Purchase Agreement with respect to the sale of Defendant Kim's interest in Burattino, LLC.

63.    Ms. Kasseinova and Defendant Kim intended that Burattino, LLC and Burattino Franchise, LLC be third party beneficiaries to the Share Purchase Agreement. Among other things, the Share Purchase Agreement provides that Burattino, LLC and "any of [its] direct and indirect affiliates and subsidiaries of" it are released from liability. In addition, the express language of the Nondisclosure of Confidential Information provision, Section 10(n) prohibited disclosure of "confidential and proprietary information and materials regarding the Seller Released Parties' or the Company's business or operations." "Seller Released Parties" is defined as "Buyer [Ms. Kasseinova], the Company [Burattino, LLC] , any of their direct and indirect affiliates and subsidiaries of any of the foregoing, and Buyer or Company's present and former representatives, equity holders, officers, directors, agents, employees, attorneys, successors, and assigns." The motivating purpose of the this Nondisclosure of Confidential Information provision was to keep the confidential information belonging to Burattino, LLC and Burattino Franchise, LLC protected from disclosure. As such, permitting Burattino, LLC and  Burattino Franchise, LLC to bring their own breach of contract claim is consistent with the objectives of the Share Purchase Agreement and reasonable expectations of the parties.

64.    Defendant Kim breached the Share Purchase Agreement by violating Section 10(n)  for all acts described in Paragraphs  25 to 30 herein.

18

**COMPLAINT**

65.     Defendant Kim has also agreed "to indemnify, defend, and hold the Company and the Buyer and its officers, directors, shareholders, employees and agents harmless against and in respect of any and all claims, demands, losses, costs, expenses, obligations, liabilities, damages, recoveries, and deficiencies, including interest, penalties, and reasonable attorneys' fees, that the Company and its officers, directors, shareholders, employees and agents shall incur or suffer arising out of or in connection with any breach of any of such Seller's representations, warranties or covenants set forth in this Agreement." As such, Defendant Kim is obligated to indemnify plaintiffs, and among other things, must pay Plaintiffs' attorneys' fees and costs with respect to his breaches of this Agreement.

66.     As a direct and proximate result of Kim's breach of contract, Burattino, LLC and Burattino Franchise, LLC have suffered actual and consequential damages. Burattino, LLC and Burattino Franchise, LLC has been damaged in an amount not yet ascertainable.  In addition, Plaintiffs are entitled to their attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.     For actual damages suffered by Plaintiffs as a result of Defendants' unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

2.     For reasonable funds for future corrective advertising to remediate Defendants' unlawful conduct;

3.     For disgorgement to Plaintiffs of all gains, profits, property and advantages derived by Defendants from their unlawful conduct and an accounting of said gains, profits, property and advantages pursuant, inter alia, to 15 U.S.C. § 1117;

4.     For trebling of any damages awarded, pursuant to 15 U.S.C. § 1117;

5.      For restitution in an amount to be proven at trial for unfair, fraudulent, and illegal business practices under Cal. Bus. & Prof. Code § 17200 et seq. and any other applicable law;

6.      For damages in an amount to be proven at trial for unjust enrichment under California's common law unfair competition law;

7.      For all monetary damages for Defendant Kim's breaches of the Operating Agreement and Share Purchase Agreement;

8.      For exemplary and punitive damages to deter any further willful misconduct for common law unfair competition and as otherwise allowed by law;

9.      For prejudgment interest as allowed by law;

10.     For costs of suit incurred as allowed by law;

11.     For reasonable attorneys' fees as allowed by law;

12.     For an order preliminarily and permanently enjoining Defendants and their agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concert or participation with them and each of them from directly or indirectly infringing Plaintiffs' Mark or Trade Dress, or using any other product designations similar to or likely to cause confusion with Plaintiffs' Mark or Trade Dress; from the import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the unauthorized products, services, trade dress or trademarks as identified in this Complaint; from passing off Defendants' products as being associated with, sponsored by, and/or affiliated with Plaintiffs; from directly or indirectly filing any foreign, or domestic state or federal, trademark application(s) for DIRTY PEPPERONI, or any substantially similar mark in any jurisdiction; from committing any other unfair business practices directed toward usurping for themselves the goodwill, business and customers of Plaintiffs; and from committing

20

**COMPLAINT**

any other unfair business practices that devalue or diminish the brand, goodwill or business of Plaintiffs.

13.     For an order directing the Commissioner of Trademarks to abandon Defendant The Dirty Pepperoni's application for DIRTY PEPPERONI, Serial No. 99502497, with prejudice.

14.     For an order pursuant to 15 U.S.C. § 1116(a) directing Defendants to file with the court and serve on Plaintiffs within thirty (30) days after issuance of an injunction a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction; and

15.     For such other and further relief as the Court may deem just and equitable.

Dated:  November 26, 2025          **ONE LLP**

                                    By: /s/ Joanna Ardalan
                                        Joanna Ardalan
                                        John Tehranian
                                        Attorneys for Plaintiffs,
                                        Burattino Franchise, LLC and
                                        Burattino, LLC

**COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all claims and all issues so triable.

Dated:  November 26, 2025          **ONE LLP**


By: /s/ Joanna Ardalan
          Joanna Ardalan
          John Tehranian
          Attorneys for Plaintiffs,
          Burattino Franchise, LLC and
          Burattino, LLC

**COMPLAINT**